NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANUEL J. BOYKIN,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2013-3058

---

Petition for review of Merit System Protection Board in No. CH844E120166-I-1

---

Decided: June 10, 2013

---

Danuel J. Boykin, of South Holland, Illinois, pro se.

WILLIAM P. RAYEL, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before LOURIE, PLAGER, and TARANTO, *Circuit Judges.*

PER CURIAM.

Danuel J. Boykin *pro se* petitions for review of the final decision of the Merit Systems Protection Board (MSPB or "the Board"). In that decision, the Board upheld the Office of Personnel Management's (OPM) determination denying Mr. Boykin's petition for retirement benefits due to his untimely filing. *Boykin v. Office of Pers. Mgmt.*, No. CH-844E-12-0166-I-1 (M.S.P.B. Dec. 26, 2012). For the reasons that follow, we *affirm*.

## BACKGROUND

Mr. Boykin has served in the military and in the civilian federal service for a combined 18 years. He most recently worked as a secretary at the Internal Revenue Service (IRS). He resigned from the IRS on October 15, 2009. After Mr. Boykin resigned, he filed an application for disability retirement with OPM due to various injuries he claimed were connected to his service.

Francine Johnson, a Legal Administrative Specialist at OPM, sent Mr. Boykin a letter stating that his medical documentation was not sufficient to support his application for disability retirement. Mr. Boykin contends that he called Ms. Johnson and told her that he would send his entire medical record, which was the size of an unabridged dictionary. According to Mr. Boykin, Ms. Johnson told him to send only the previous year or two from his medical record. Mr. Boykin protested, claiming that the entire record was necessary, but he ultimately complied.

On May 6, 2010, OPM issued its initial decision denying Mr. Boykin's application. The decision stated that Mr. Boykin had 30 calendar days to request reconsideration and that he should not delay sending his request to obtain additional documentation. Mr. Boykin called Ms. Johnson and discussed the 30-day timeline with her. He told her that he intended to send his entire medical record, but

according to Mr. Boykin, Ms. Johnson repeated her instruction not to send the entire record.

Mr. Boykin took no action until ten months after he received OPM's decision. On March 25, 2011, Mr. Boykin sent OPM a letter requesting reconsideration and providing additional documentation to support his claim. Later still, on October 26, 2011, Mr. Boykin sent OPM a formal request for reconsideration with his entire medical record. OPM dismissed Mr. Boykin's request as untimely.

Mr. Boykin sought review from the MSPB. The administrative judge affirmed OPM's reconsideration decision in an April 3, 2012 decision, finding that submitting evidence and requesting reconsideration were two distinct acts, and any instructions that Ms. Johnson may have given on the former did not excuse Mr. Boykin's failure to comply with the latter. On December 26, 2012, the MSPB denied Mr. Boykin's petition for review of the administrative judge's decision. This petition for review followed.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review is limited. We only set aside Board decisions that are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Mr. Boykin seeks an extension of the 30-day time limit set forth in 5 C.F.R. § 841.306(d)(1) through the exception provided in 5 C.F.R. § 841.306(d)(2). To do so, he must show either that he was "not notified of the time limit and was not otherwise aware of it" or that he was "prevented by circumstances beyond [his] control from making the request within the time limit." 5 C.F.R. § 841.306(d)(2).

Mr. Boykin concedes that he was aware of the 30-day time limit, but argues that he was prevented by circumstances beyond his control from making his request. In particular, Mr. Boykin contends that Ms. Johnson intentionally misled and misinformed him.

We agree with the Board's analysis. Submitting a request for reconsideration and submitting additional evidence with the request are two different things. Even if Ms. Johnson misled Mr. Boykin about the information that he could submit with his request, she did not mislead him about whether he could delay in submitting his request. And the only evidence of record on this point weighs against Mr. Boykin's claim. In particular, the decision that OPM sent Mr. Boykin states:

> You may submit any supporting evidence or arguments with your request for reconsideration. If you are unable to submit additional documentation with your reconsideration request, **do not delay sending us your request**. You should tell us in your request that you intend to submit additional evidence at a later date.

Resp't's App. 30. (emphasis in original). The decision repeats, "Remember; **do not delay sending your request for reconsideration** while obtaining additional documentation." *Id.* at 31 (emphasis in original). The decision further provides a checkbox for the applicant to check if he or she intends to request reconsideration but needs additional time to gather information about the relevant disability. *Id.* at 32.

The language in the decision is clear and Mr. Boykin fails to explain why he did not comply with it. At most Mr. Boykin makes a vague allegation that he was "misled" and that he complied with "every instruction that [Ms. Johnson] gave me." Pet'r's Rep. Br. at 1. But the only content of their conversations that we have on the record is 1) Ms. Johnson's discussion with Mr. Boykin of

the 30-day deadline outlined in OPM's decision—which weighs against his claim—and 2) her direction to send at most a portion of his medical record. There is no evidence that Ms. Johnson told Mr. Boykin that he could file his request beyond this 30-day window, that he should not file his request without first obtaining additional evidence, or that he should not file his request for reconsideration at all.

We have considered Mr. Boykin's arguments, and given our standard of review, we do not find any ground on which we can do other than affirm the Board.

**AFFIRMED**

COSTS

No Costs.